**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **M.R.,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 11-0245-WS-C** |
| | ) |
| **BOARD OF SCHOOL COMMISSIONERS** | ) |
| **OF MOBILE COUNTY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on the Motion for Judgment on the Pleadings (doc. 56) filed by defendants Jerome Woods, Kirven Lang, and Jason D. Laffitte (collectively, the "Individual Defendants"). The Motion has been briefed and is now ripe for disposition.

**I.      Background.[1]**

This putative class action was brought by six Mobile County Public School ("MCPS") students pursuant to 42 U.S.C. § 1983, alleging infringement of their procedural due process rights under the Fourteenth Amendment. In particular, plaintiffs maintain that each of them was "long-term suspended [from school] without proper notice or a hearing for minor infractions," in violation of their "Fourteenth Amendment right to receive notice and a hearing before being punished with long-term suspensions." (Doc. 1, ¶ 1.) The Complaint names as defendants the Board of School Commissioners of Mobile County (the "Board"), as well as the three Individual Defendants, solely in their official capacities as principals or assistant principals in the MCPS system.[2] No claims are asserted against the Individual Defendants in their individual capacities.

---

[1]      Because this matter is presented on a Motion for Judgment on the Pleadings, this Court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

[2]      Defendant Jerome Woods is alleged to be the Principal of Mattie T. Blount High School. (Doc. 1, ¶ 14.) Defendant Kirven Lang is alleged to be an Assistant Principal at the same facility. (*Id.*, ¶ 16.) And defendant Jason D. Laffitte is alleged to be the Principal of C.L. (Continued)

The Complaint asserts a § 1983 procedural due process claim against the Board for its "official disciplinary procedure … that allows principals to impose long-term suspensions without first holding hearings at which students and parents can challenge proposed suspensions." (*Id.*, ¶ 4.)  It also asserts a § 1983 procedural due process claim against the Individual Defendants for their alleged practice of "summarily suspend[ing] students until the end of the semester without following even the minimal procedures set forth in the Board's official policy." (*Id.*)  So, plaintiffs contend that the Board has a policy that violates the Fourteenth Amendment, and that the Individual Defendants (who work for the Board) have a custom or practice that does the same thing.  The *ad damnum* clause of the Complaint specifies that plaintiffs seek, *inter alia*, judicial declarations that defendants' conduct deprived plaintiffs of their Fourteenth Amendment due process rights, an injunction requiring defendants to cease their unconstitutional activities, other equitable relief, and an award of costs and attorney's fees. (*Id.* at 32.)  Plaintiffs do not claim monetary damages.

The Individual Defendants have now filed a Motion for Judgment on the Pleadings, in which they argue that plaintiffs' claims against them are redundant of their claims against the Board, and should therefore be dismissed.  Plaintiffs oppose the Motion for the stated reasons that (i) their claims against the Individual Defendants are not redundant and (ii) their claims are confined to seeking injunctive and declaratory relief.[3]

---

Scarborough Middle School. (*Id.*, ¶ 18.)  Both Blount and Scarborough are public schools in the MCPS system.  As to each of the Individual Defendants, the Complaint alleges that in carrying out the duties and actions at issue herein, that defendant was "a state actor acting under color of state law" who is "named as a defendant in his official capacity." (*Id.*, ¶¶ 15, 17, 19.)

[3]       Plaintiffs also oppose the Motion for Judgment on the Pleadings as being "premature" because the deadline for plaintiffs to amend their Complaint is July 31, 2012.  This objection is unfounded.  Nothing in Rule 12(c) or the case law construing it forbids a defendant from seeking judgment on the pleadings until expiration of a scheduling order deadline for amending pleadings.  Although plaintiffs seize on language in Rule 12(c) specifying that a party may move for judgment on the pleadings "[a]fter the pleadings are closed," abundant precedent confirms that this innocuous phrase means nothing more than the filing of a complaint and answer. *See, e.g., Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed."); *U.S. v. Dish Network L.L.C.*, 754 F. Supp.2d 1004, 1007 (C.D. Ill. 2011) (Rule 12(c) "permits a party to move for judgment after the complaint and answer have been filed by the parties"); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F. Supp.2d 591, 595 (E.D. Pa. 2010) ("The pleadings are (Continued)

## II.     Analysis.

In this Circuit, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted); *see also Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.") (citations omitted).  As a general rule, courts "will not consider matters outside the pleadings when passing on a Rule 12(c) motion." *Horsley v. Feldt*, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002).[4]

The legal issue presented by the Individual Defendants in their Rule 12(c) Motion is narrowly circumscribed, to-wit:  Whether plaintiffs can maintain a § 1983 claim against them for declaratory and injunctive relief solely in their official capacity as MCPS employees/ administrators, when plaintiffs are already pursuing a separate § 1983 claim against the Board itself seeking the same remedies.

---

closed after an answer is filed, along with a reply to any additional claims asserted in the answer."); *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 439 F. Supp.2d 692, 695 (S.D. Tex. 2006) ("Once a responsive pleading has been filed, a motion to dismiss for failure to state a claim should properly be filed as a motion for judgment on the pleadings.").  Plaintiffs identify no authority to the contrary.  Here, the Complaint was filed in May 2011 and all defendants filed their Answer in June 2011.  The pleadings have been "closed" for Rule 12(c) purposes for more than a year; thus, the Motion for Judgment on the Pleadings is plainly not premature, and this objection need not detain the Court further.

[4]        The limited purposes and obvious utility of Rule 12(c) motions were aptly summarized by one federal court as follows: "Judgment on the pleadings is, of course, not lightly to be given.  On the other hand, litigants should not be required to go through the full and elaborate process of trial of issues when there is a dominating legal principle governing liability which is dispositive of the case without the necessity of trial."  *Moss v. School Dist. of Norristown*, 33 F.R.D. 518, 519 (E.D. Pa. 1963); *see also Scranton Times, L.P. v. Wilkes-Barre Pub. Co.*, 2009 WL 3100963, *2 (M.D. Pa. Sept. 23, 2009) ("A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner.").

### A.    The Redundancy of Official-Capacity and Entity Claims.

The logical starting point is the well-worn proposition that "[w]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent. …. Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (footnote, citations, and internal marks omitted); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A § 1983] suit against a state official in his her official capacity is not a suit against the official but rather is a suit against the official's office. …  As such, it is no different from a suit against the State itself.") (citations omitted); *Penley v. Eslinger* 605 F.3d 843, 854 (11th Cir. 2010) ("Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation omitted); *Snow ex rel. Snow v. City of Citronelle, AL*, 420 F.3d 1262, 1270 (11th Cir. 2005) (similar).

In reliance on this notion, courts in this Circuit routinely and overwhelmingly deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and dismiss the official-capacity claims against the individual defendant on that basis.  *See, e.g., Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005) (explaining that where plaintiff named county and county fire marshal in his official capacity as separate defendants, only the fire marshal's employer – the county – was proper party); *Busby*, 931 F.2d at 776 ("To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.").[5]  Plainly, then, extensive authorities illustrate the well-entrenched

---

[5]      *See also May v. Mobile County Public School System*, 2010 WL 3039181, *2 n.5 (S.D. Ala. July 13, 2010) (noting that to the extent plaintiff was suing superintendent and school principal in their official capacities, "such claims are redundant of the claims against the Board and due to be dismissed."); *Btesh v. City of Maitland*, 2010 WL 883642, *5 (M.D. Fla. Mar. 5, 2010) ("When identical Section 1983 claims are made against both a governmental entity and the entity's officers, employees, or agents in their official capacities, courts should dismiss the claim against the named individual defendants in their official capacities as redundant and possibly confusing to the jury.") (citations and internal quotation marks omitted); *Carr v. Alabama Dep't of Youth Services*, 2009 WL 903280, *7 (M.D. Ala. Mar. 31, 2009) ("Because plaintiff has sued her employer directly, her official capacity claim against Wood is redundant and is due to be dismissed."); *Bean v. Fulton County School System*, 2008 WL 515007, *2 (N.D. Ga. Feb. 22, (Continued)

-4-

principle that suits against both an official in his or her official capacity and the entity that official represents are redundant and unnecessary.

**B.      Plaintiffs' Counterarguments are Not Persuasive.**

In response, plaintiffs propound two arguments.  First, plaintiffs insist that their claims against the Board and against the Individual Defendants "are not the same," because they charge the Board with "implementing a policy authorizing the violation of due process," and the Individual Defendants with violating plaintiffs' due process rights, "whether or not the policy itself authorizes violations."  (Doc. 67, at 7.)  But this argument amounts to disingenuous hair-splitting.  Under any reasonable reading, the Complaint states the same claim (violation of Fourteenth Amendment due process rights by summarily suspending plaintiffs for longer than 10 days without notice or hearing) in two different ways, first that the Board has a <u>policy</u> that violates plaintiffs' rights and second that the Board has a <u>custom or practice</u> that violates plaintiffs' rights (irrespective of what the official policy states).  Either way, it is the same claim (due process violation based on failure to provide adequate pre-suspension notice and hearing) against the same real party in interest (the Board).[6]

---

2008) (where plaintiff sued school district and superintendent in official capacity, granting superintendent's motion to dismiss because "[i]t would be redundant to allow plaintiffs to assert the same claims against both the School District and Mr. Wilson in his official capacity"); *Adams v. City of Orlando Code Enforcement Bd.*, 2007 WL 1229103, *2 (M.D. Fla. Apr. 26, 2007) ("the Court will dismiss the Section 1983 claims against Defendant Dyer in his official capacity, as the local governmental unit was sued directly in the Complaint and remains a Defendant in the instant case"); *Nixon v. Autauga County Bd. of Educ.*, 273 F. Supp.2d 1292, 1296-97 (M.D. Ala. 2003) ("Where, as here, the proper defendant is Nixon's employer and that employer, the Board, has already been made a defendant, official capacity claims against members of the Board and Nixon's supervisor are redundant and due to be dismissed."); *Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994) (where plaintiff sued school board and superintendents in official capacities under § 1983, "the plaintiff has sued the Board directly, so all of the § 1983 claims against the Superintendents in their official capacities are due to be dismissed").

[6]      Regardless of whether the nominal defendant is the Board or its officials in their official capacities, plaintiffs' burden is the same, to-wit: to establish that the Board's policy or custom deprived plaintiffs of their due-process rights.  *See generally Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (reciting bedrock § 1983 principles that liability "may not be based on the doctrine of respondeat superior," but that municipality can only be held liable where plaintiff proves "policy or custom" that violated constitutional rights); *Doe v. School Bd. of Broward County, Fla.*, 604 F.3d 1248, 1263 (11th Cir. 2010) (school board may be held liable (Continued)

Some elaboration on this point may be helpful.  Again, as a matter of law, "suits against an official in his or her official capacity are suits against the entity the individual represents." *Burrell v. Board of Trustees of Ga. Military College*, 970 F.2d 785, 789 n.10 (11th Cir. 1992) (citation omitted); *see also Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) ("We note that a suit against Dillon in his official capacity is the same as a suit against the municipality of the City of Key West.") (citation omitted); *Busby*, 931 F.2d at 776 ("suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent").  What is the entity that the Individual Defendants represent?  The Complaint does not specify, but it could only be the Board.  Thus, plaintiffs' claims against the Individual Defendants in their official capacities are, in actuality, claims against the Board.  But the Board is already a defendant in this case.  What reason could there possibly be for naming the Board as a defendant in two different ways?  This situation implicates precisely the concern articulated by the Eleventh Circuit in *Busby* that including as defendants at trial both the Board and the Individual Defendants in their official capacities would be "redundant and possibly confusing." 931 F.2d at 776.  Plaintiffs can get to the same place (without the pitfalls of inefficiency and confusion) by suing the Board – and the Board alone – for having a policy or custom of doling out long-term suspensions without first providing proper notice and a hearing.  Naming the Individual Defendants in their official capacities as separate, additional parties adds nothing to those claims other than an overlay of needless confusion and redundancy.[7]

---

under § 1983 "only if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law") (citation omitted); *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) ("When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom.") (footnote omitted).  Under either variant of plaintiffs' claim, then, a "policy or custom" attributable to the Board is necessary for § 1983 liability to attach.

[7]     Another way of highlighting this point is to examine plaintiffs' statements that "[r]egardless of the policy of the Board, the Plaintiffs seek to enjoin the long-standing practice of suspending students without due process at Blount High School and Scarborough Middle School," and that "[a]ll relief sought by Plaintiffs is aimed at preventing additional deprivations of students [*sic*] rights."  (Doc. 67, at 7-8.)  So plaintiffs want an injunction bringing to a halt the alleged practice of suspending students without due process.  Suppose plaintiffs prevail and (Continued)

Second, plaintiffs urge the Court to find that the entire *Busby* line of authorities is distinguishable because *Busby* involved claims for money damages, whereas the plaintiffs in this action seek only injunctive and declaratory relief.  The immediate problem with plaintiffs' argument is that they identify no authorities recognizing such a distinction, much less declining to apply the rule in *Busby* where claims of injunctive and declaratory relief are in play.[8]  This

---

obtain the desired injunction.  What does an injunction against the Individual Defendants in their official capacities accomplish that the injunction against the Board would not?  Plaintiffs do not say, and the Court cannot imagine what it might be.  To enjoin the Board from implementing an unconstitutional policy, custom or practice as to student discipline would effectively forbid the Individual Defendants (in their official capacities as Board officials, employees and agents) from implementing such a policy, custom or practice.  To enjoin the Individual Defendants in their official capacities separately and in addition to an injunction of the Board would afford not an iota of additional relief to plaintiffs.  So, again, inclusion of these official-capacity claims against Individual Defendants is a wasteful, redundant, and ultimately pointless enterprise that would serve only to confuse the issues, bog down the proceedings, and distract the finder of fact at trial.

[8]     The one decision identified by plaintiffs is *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995).  In *Welch*, the Eleventh Circuit found that Eleventh Amendment immunity did not bar a plaintiff's claims against a sheriff and sheriff's deputy in their official capacities for prospective injunctive relief.  *Id.* at 1008 ("the Eleventh Amendment does not insulate state officials acting in their official capacities from suit in federal court, at least to the extent the complainant seeks prospective injunctive relief").  Importantly, the *Welch* plaintiff sued only the individuals, not any overarching entity (at least, as far as the sheriff's defendants were concerned), so *Busby* on its face was not applicable.  Simply put, the issue in *Welch* (whether and when Eleventh Amendment immunity applies to state officials sued in their official capacities) is entirely distinct from the question raised by the Individual Defendants' Motion to Dismiss.  This case is not about immunity at all, but is instead about the analytically distinct *Busby* doctrine that a plaintiff cannot sue both a municipality and a municipal official in his official capacity for the same wrong because doing so would be redundant and confusing.  *Welch* says nothing that would negate that rule where a plaintiff seeks prospective injunctive relief.  And of course, the Individual Defendants are not state officials, so any kind of Eleventh Amendment analysis would be wholly inapposite here, even if the Individual Defendants had raised it as a ground for their Motion to Dismiss (which they unquestionably have not).  *See, e.g., Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1511 (11th Cir. 1990) ("We conclude … that the Baldwin County Board of Education is not an 'arm of the State' for purposes of Eleventh Amendment immunity …."); *Eason v. Clark County School Dist.*, 303 F.3d 1137 (9th Cir. 2002) (collecting authorities and pointing out that "most courts have held that school districts are not entitled to Eleventh Amendment immunity").

Court cannot and will not develop plaintiffs' legal argument for them.[9]  More fundamentally, the Court's own research (including the authorities cited in § II.A., *supra*, many of which involved both damages claims and claims for injunctive relief) has revealed no cases where courts in this Circuit have treated the *Busby* rule any differently for claims of prospective injunctive relief than for those involving money damages.  If such a distinction existed, one would expect courts applying *Busby* to dismiss only the money-damages claims against the government officials in their official capacities, while allowing the injunctive and declaratory claims to proceed to trial. From this Court's research, it appears that no such strand can be found in the *Busby* line of precedents.  Certainly, plaintiffs have not identified one.  And the Supreme Court decision on which *Busby* is predicated strongly implies that its reasoning applies to all types of claims, not just those seeking a damages remedy.  *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("There is no longer a need to bring official-capacity actions against local officials, for … local government units can be sued directly for damages ***and injunctive or declaratory relief*.") (emphasis added).

The bottom line is this:  Plaintiffs insist that official-capacity claims against municipal officials are not redundant of claims against the municipality as long as they seek injunctive relief, not money damages.  But they identify not a single authority that supports this proposition. The Court's research discloses none.  And cases in this Circuit, apparently following the Supreme Court's lead in *Graham*, routinely dismiss both damages and injunctive relief claims against municipal agents in their official capacities as redundant and confusing under *Busby* where, as here, the entity has also been sued for the same relief.  Under these circumstances, the Court will not unilaterally devise a sweeping exception to the *Busby* rule that is drawn from nothing more than thin air.  This conclusion holds particularly true given that, as discussed

---

[9]     *See, e.g., Vision Bank v. Merritt*, 2010 WL 5474161, *4 (S.D. Ala. Dec. 8, 2010) ("If Merritt wishes to pursue such a legal theory, it is incumbent on him to perform the necessary research and develop that argument, rather than stating it in the vaguest of outlines and expecting this Court to fill in the gaps."); *York v. Day Transfer Co.*, 525 F. Supp.2d 289, 301 n.10 (D.R.I. 2007) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why thesepoints have legal merit; the Court does not serve as counsel's law clerk.").

*supra*, if plaintiffs successfully obtain a prospective injunction barring the Board from implementing a custom or policy of imposing long-term suspensions of MCPS students without prior notice and hearing, then imposition of a similar injunction against the Individual Defendants in their official capacities would gain precisely nothing for plaintiffs, but would simply reiterate the injunction against the Board.  Repetition neither makes the heart grow fonder nor the injunction grow stronger, and an entity need not be told the same thing twice before a court order will stick.  This case is about claims for injunctive relief against the Board, and plaintiffs cannot repackage those same claims against the Individual Defendants in their official capacities to bring them twice, at the cost of unnecessary redundancy, inefficiency, and risk of confusion.

### III.    Conclusion.

For all of the foregoing reasons, the Individual Defendants' Motion for Judgment on the Pleadings (doc. 56) is **granted**.  Plaintiffs' claims against defendants Jerome Woods, Kirven Lang, and Jason D. Laffitte are **dismissed without prejudice**, and the Clerk of Court is directed to terminate those individuals as parties defendant.

DONE and ORDERED this 18th day of July, 2012.

s/ WILLIAM H. STEELE _____
CHIEF UNITED STATES DISTRICT JUDGE